UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN HAVENAAR,

        Petitioner,                      Case Number: 2:14-CV-12854
                                                        HONORABLE GERALD E. ROSEN

v.

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING
A CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Kathryn Havenaar's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her convictions for two counts of delivery/manufacture of methamphetamine and third habitual offender on these grounds: (i) offense variables (OV) 12 and 15 were incorrectly scored; (ii) trial counsel rendered ineffective assistance; and (iii) appellate counsel rendered ineffective assistance. Respondent, through the Attorney General's Office, has filed an answer in opposition arguing that one of the OV-related claims is procedurally defaulted, neither OV-related claim is cognizable on habeas review, and all of the claims are meritless. Habeas relief is denied.

**I.    Background**

On two separate occasions in April 2010, Petitioner sold methamphetamine to an

undercover police officer in Marcellus Township, Michigan.  She was charged in Cass County Circuit Court with two counts of delivery/manufacture of methamphetamine, two counts of possession of methamphetamine, and being a fourth habitual offender.  She pleaded guilty to two counts of delivery/manufacture of methamphetamine and to being a third habitual offender.  In exchange for her plea, the prosecutor dismissed the two counts of possession of methamphetamine, and the fourth habitual offender notice.  On September 3, 2010, she was sentenced to concurrent prison terms of 6 to 40 years and 51 months to 40 years.

On March 4, 2011, Petitioner filed a motion to correct invalid sentence in the trial court.  The trial court denied the motion, but made two corrections to the presentence investigation report.  4/25/11 Transcript at 11-12, ECF No. 6-10, Pg. ID 153.

In September 2011, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising these claims: (i) insufficient evidence was presented to show by a preponderance of the evidence that points should be scored under OV 12 for the commission of contemporaneous felonies; and (ii) offense variable 15 should have been scored at zero.  The Michigan Court of Appeals denied leave to appeal.  *People v. Havenaar,* No. 305942 (Mich. Ct. App. Oct. 17, 2011).  Petitioner sought leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  *People v. Havenaar*, 810 N.W. 2d 27 (Mich. 2012).

Petitioner filed a motion for relief from judgment in the trial court in March 2013, raising ineffective assistance of trial and appellate counsel. The trial court denied the motion. *People v. Havenaar*, No. 10-10189 (Cass County Cir. Ct. March 21, 2013), ECF No. 6-13, Pg. ID 329. Petitioner sought leave to appeal the trial court's denial in the Michigan Court of Appeals and Michigan Supreme court. Both state appellate courts denied leave to appeal. *People v. Havenaar*, No. 318242 (Mich. Ct. App. Oct. 30, 2013); *People v. Havenaar*, 495 Mich. 993 (2014).

Petitioner then filed this habeas corpus petition. She raises these claims:

I. Where no corroborating evidence was provided by the prosecution to prove by a preponderance of the evidence that defendant did in fact commit contemporaneous felonies to support a scoring of points under OV 12, the trial court erred in denying defendant's motion to correct an invalid sentence.

II. Although not challenged at sentencing, the scoring of OV 15 was wrong and should have ben scored at 0 points because there was no evidence of the defendant trafficking meth, as statutorily defined.

III. Defendant's right to effective assistance of trial counsel was denied in violation of the U.S. Constitution.

**II.     Standard**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562

U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103, 131 S. Ct. at 786–87.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut

this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398 (2011).

## III.  Discussion

### A.  Scoring of Offense Variables

Petitioner's first two claims for habeas relief relate to the scoring of offense variables (OV) 12 and 15. Respondent argues that the claim related to OV 15 is procedurally defaulted. The Court finds it unnecessary to address the question of procedural default. It is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ( citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring her sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the

challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007). Habeas relief is denied.

### B. Petitioner's Claim of Ineffective Assistance of Trial Counsel

Petitioner seeks habeas relief on the ground that her trial attorney rendered constitutionally deficient assistance. Specifically, she argues that her attorney was deficient for failing to communicate a plea offer of 49 months imprisonment, failing to object to the scoring of OV 12 and OV 15, and failing to object to errors in the presentence investigation report, resulting in her being sentenced based upon incorrect information.

To establish that she received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

First, Petitioner argues that counsel was ineffective for failing to communicate a plea offer of 49 months to her.[1] The law is well settled that an attorney renders deficient representation if he fails to timely communicate a formal plea offer to his client. *Missouri v. Frye*, — U.S. —, 132 S. Ct. 1399, 1408 (2012) ("as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). The trial court denied this claim on the

---

[1] Petitioner indicates that she ultimately entered her plea pursuant to a sentencing agreement of 51 months for one count of delivery/manufacture of methamphetamine. The Court finds no evidence in the record that the plea agreement included any sentencing provision. The Court need not resolve whether the plea agreement included a 51-month minimum sentence to decide the merits of this claim and, therefore, will not do so.

merits, but without explanation. The Michigan Court of Appeals' summary denial of Petitioner's claim is, nevertheless, entitled to deference under § 2254(d). Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]. *Harrington*, 562 U.S. at 102. Accordingly, the question here is whether any reasonable argument consistent with established Supreme Court law could support the decision rejecting Petitioner's claim.

In this case, other than her own claim that the prosecution made such an offer, Petitioner presents no evidence the 49-month offer was ever made. Nothing in the record supports her claim that a formal plea offer of 49-months was ever made or that counsel failed to notify her of a plea offer. Petitioner's own statements to the contrary fall far short of establishing such an offer and do not establish that the state court unreasonably applied Supreme Court precedent in denying this claim.

Next, Petitioner claims that her attorney was ineffective in failing to object to the scoring of OV 12 and 15. The Michigan Court of Appeals denied Petitioner's challenge to the scoring of these offense variables on direct appeal, finding the claims meritless. Counsel cannot be found deficient for failing to make a futile objection. *Bond v. McQuiggin*, 506 F. App'x 493, 499 (6th Cir. 2012). Therefore, the state court was

reasonable in concluding that counsel was not ineffective in this regard.

Finally, Petitioner claims that his attorney was ineffective in failing to object to inaccuracies in the presentence investigation report. In her motion to correct invalid sentence filed in the trial court, Petitioner identified ten separate items in the information which she claimed were incorrect or inaccurate. Here, however, she fails to provide any evidence to show that the information is incorrect or inaccurate or that it was relied on in sentencing. For example, Petitioner states that her employment history reflected an incorrect rate of pay for two of her prior jobs, and omitted one prior employer. She fails to provide any documentation to support her argument and, more importantly, she fails to claim or show that these inaccuracies impacted her sentence in any way. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). Petitioner has not shown that her attorney performed deficiently by failing to object to these claimed errors or that the alleged inaccuracies were relied upon in sentencing. Habeas relief is denied on this claim.

### C. Ineffective Assistance of Appellate Counsel Claim

Finally, Petitioner raises a claim that her appellate attorney was ineffective in failing to raise claims raised in this habeas petition but not raised on direct appeal. She raises this claim in an attempt excuse the anticipated procedural default of certain claims.

The Court determined that the interests of judicial economy were best served by addressing the merits of all of Petitioner's habeas claims. Moreover, Petitioner has failed to show that the claims not raised by appellate counsel were potentially meritorious. Therefore, she cannot show that her appellate attorney was ineffective for failing to raise the claims on direct appeal.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability. The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.


                                        s/Gerald E. Rosen
                                        United States District Judge

Dated:  June 7, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 7, 2016, by electronic and/or ordinary mail.

                                        s/Kelly Winslow for Julie Owens
                                        Case Manager, (313) 234-5135